[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER ON PENDING MOTIONS
Pending before the court are cross motions for contempt filed by the parties. These motions for contempt are denied on the ground that as to each motion, the movant has failed to show a wilful violation of a court order, or in the alternative, to the extent that a contemptuous violation has been established, the court exercises its discretion not to impose any sanctions. The court does find however that such a substantial change of circumstances has occurred regarding visitation that it is in the best interests of the children for the court to consider the parties' proposed orders to modify the visitation to make the visitation orders more specific. The substantial changes are primarily based on the conflict, confusion and acrimony that have recently occurred between the parties regarding visitation. Thus, the court issues the following order modifying the father's visitation with the children. The existing visitation shall remain in effect except as modified below:
1. The parties shall alternate Christmas Holidays so that for the 1999 year, the children will remain with their mother on Christmas Eve. The farther will have visitation with the children on Christmas day beginning at 3:00 p. m. and ending on December 28 at 3:00 p. m. The father shall pick-up and return the children for this visitation. When one party's Christmas Day and the consecutive next three (3) days of visitation falls on the other party's normally scheduled weekend, then the normal visitation schedule will not be followed subsequent to that holiday visitation, and the other party shall have visitation for the next two subsequent weekends.
2. The children will be with the mother during their February 2000 school vacation and the children will be with the father CT Page 12472 during their April 2000 school vacation. Thereafter, the parties shall alternate these school vacations so that in odd years the mother will have the children for the April vacation and the father will have the children for the February vacation and in even years the mother will have the children for the February vacation and the father will have the children for the April vacation.
3. The father will exercise visitation the third week of July every year. He will give written notice by May 1st of each year verifying that he will exercise his second week of summer visitation.
4. The father will exercise visitation with both children on the birthday of each child every other year, with this visitation beginning for the father during the year 2000, unless Justin's birthday falls during the mother's February vacation. If Justin's birthday falls during the mother's February vacation, then the father shall not have visitation on that day.
5. Each party shall notify the other about the date and location of any out of state excursion, and if such excursion is overnight, then each arty shall also notify the other about the address and telephone number where the children may be reached, without the interference or cancellation of either party.
6. The mother will provide the father with written notice at least 30 days in advance before exercising a full week's vacation (other than the February or April school vacations).
7. The father shall have the children contact their mother by telephone, once on a weekend visit and every other day on a full week's visitation, with the father making a good faith effort for the calls to be made when the mother is available. Unless the mother specifies other times to the father, the calls shall be made either in the evening between 7:00 p. m. and 7:30 p. m. or in the morning between 7:00 a.m. and 7:30 a.m. The mother is not precluded from initiating telephone calls to the children on any day in the evening between the 7:00 p. m. and 7:30 p. m. time period, and in such event, the father shall nevertheless be obligated to ensure that the telephone contact occurs at least once on a weekend visit and every other day on a full week's visitation.
8. The father shall allow the children to bring with them during CT Page 12473 their visitation with him any item that either child desires to bring from the mother's house, specifically including Justin's blanket.
9. The father shall not smoke in the children's presence and shall make reasonable efforts to ensure that other people do not smoke in the children's presence.
10. The visitation schedule may be modified by mutual agreement of the parties for any reason including the need to address emergency situations or scheduling conflicts.
11. The parties are ordered to mediate any future disputes regarding visitation with family relations before acquiring judicial relief.
So ordered September 14, 1999.
Stevens, Judge.